## STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**HELEN R. GRAVES,**
**Claimant Below, Petitioner**

**FILED**

October 26, 2016
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs.)    No. 15-1231** (BOR Appeal No. 2050447)
(Claim No. 2014001778)

**WEST VIRGINIA UNITED HEALTH SYSTEM,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Helen R. Graves, by Christopher J. Wallace, her attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. West Virginia United Health System, by Steven K. Wellman, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated December 10, 2015, in which the Board affirmed an April 9, 2015, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's October 15, 2014, decision denying authorization of a consultation for additional treatment. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Ms. Graves was injured on July 10, 2013, while she was performing her duties as a certified surgery technician. Ms. Graves fell backwards when moving a bed, injuring her back. In the Employees' and Physicians' Report of Occupational Injury or Disease, Ms. Graves wrote that she had lower back, mid back, left shoulder, and leg aches as well as pain all over.

On July 24, 2013, the claims administrator found the claim compensable for the diagnoses of back, left shoulder, and left leg strains. Six weeks later, on August 22, 2013, a

1

compression fracture was handwritten onto the report form and signed. The L-1 compression fracture was never added as a compensable component of the injury.

On May 19, 2014, Ms. Graves underwent an independent medical evaluation performed by Michael G. Radley, M.D. Dr. Radley began by noting some of Ms. Graves's medical history. He noted that Ms. Graves underwent several lumbar x-rays on August 29, 2013, which showed no change to her compression fracture. Ms. Graves then saw Patrick D. Ireland, M.D., on October 18, 2013. Dr. Ireland noted that Ms. Graves was still experiencing pain and placed her in physical therapy for thirty days. In December of 2013, Ms. Graves began experiencing leg pain in addition to her back pain. After continued pain, the claims administrator approved a lumbar bone scan and an MRI. On January 30, 2014, Dr. Ireland viewed both the bone scan and the MRI. He identified no cause of the symptoms in her leg. He recommended staged injections for peroneal problems, which the claims administrator granted twice.

Dr. Radley determined that Ms. Graves had reached maximum medical improvement for her compensable injuries and that no further formal treatment would be necessary. He also returned her to full duty. At a follow-up appointment with Dr. Ireland, Ms. Graves mentioned that she was still experiencing pain and would like to know whether a kyphoplasty treatment for her compression fracture would be of benefit. Dr. Ireland expressed no opinion but said he would recommend her to Lee Selznick, M.D., for an appointment. On October 15, 2014, the claims administrator denied the request for the consultation.

On April 9, 2015, the Office of Judges affirmed the claims administrator's decision. The Office of Judges found that the record demonstrated that the compensable injuries were back strain, left shoulder and left leg strain. The compression fracture was never a component of the compensable injury and Ms. Graves never sought to have it officially included. Further, it was Ms. Graves herself who asked for the consultation and not the recommendation of a doctor. Ms. Graves had reached maximum medical improvement and was released to return to full duty work. The Office of Judges determined that a preponderance of credible medical evidence failed to establish that a referral for a consultation regarding kyphoplasty is reasonable, necessary, or related to the compensable injury. The Board of Review adopted the findings of fact and conclusions of law of the Office of Judges and affirmed its Order on December 10, 2015.

We agree with the reasoning and conclusions of the Office of Judges as affirmed by the Board of Review. On appeal, Ms. Graves failed to present evidence that showed her compression fracture was a result of her work-related accident. The compression fracture was never a part of her compensable injury, and Ms. Graves has failed to show that she attempted to formally have it added. Kyphoplasty is a treatment to reduce pain for spinal fractures and thus is not reasonable, necessary, or related to the compensable injury. Because the compression fracture is not a compensable component of the claim, consultations for treatment of such were properly denied.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED: October 26, 2016**

**CONCURRED IN BY:**
Chief Justice Menis E. Ketchum
Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Allen H. Loughry II